UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MOTIQUE ORR, for next friend and minor son, T.M., | ) ) ) | |
| Plaintiff, | ) ) | 1:16-cv-02610-RLY-DML |
| vs. | ) ) ) | |
| LEWIS D. FEREBEE, in his official capacity, INDIANAPOLIS PUBLIC SCHOOLS, and TERRY GEMMECKE, | ) ) ) ) | |
| Defendants. | ) | |

**ENTRY ON DEFENDANTS' MOTION TO DISMISS**

Defendants, Lewis D. Ferebee, in his official capacity, and the Indianapolis Public Schools ("IPS"), move to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. For the reasons set forth below, the court **GRANTS** their motion.

**I.     Background**

Plaintiff, Motique Orr, is the mother of T.M., who at the time of the alleged events, was a sixth grade special needs student at IPS Anna Brochhausen School 88. (Filing No. 1-1, Compl. ¶¶ 2, 6, 7). She alleges that on May 26, 2016, T.M.'s teacher, co-defendant Terry Gemmecke, choked him, hit his head against a wall, and dragged him down a hallway by the neck. (*Id.* ¶ 14). The department of child services report attached to the complaint indicates Gemmecke was escorting T.M. to the "BAC" area of the school after T.M. got into a confrontation with another student. (*Id.*, Ex. A at 2). Later

1

that day, Plaintiff learned of the incident through a therapist at the school, and met with IPS' 88 staff and police "to protest the action." (*Id.* ¶ 19).

Lewis D. Ferebee, the Superintendent of IPS, is sued in his official capacity. (*Id.* ¶ 3). Count I, asserted against him, alleges that Indiana Code § 20-33-8-8(b) is unconstitutional under the Indiana Constitution. (*Id.* ¶¶ 23-24). Count II alleges IPS failed to train its employees and/or maintained an unlawful policy, practice, custom, or procedure permitting physical violence to be inflicted on T.M. (*Id.* ¶ 26). The Complaint also alleges IPS had no written policy barring its employees from using physical violence against students nor a procedure "as to how to implement or not implement physical violence" or for determining for which infractions such violence was permissible. (*Id.* ¶ 9). In Count III, IPS is sued in tort for the actions of its employee, Gemmecke. (*Id.* ¶¶ 29-30). In addition to monetary damages, Plaintiff seeks to have Indiana Code § 20-33-8-8(b) declared unconstitutional and an order enjoining enforcement of the statute. (*Id.*, Prayer for Relief).

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of claims for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss is to test the legal sufficiency of the complaint, not the merits of the lawsuit. *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 675 (7th Cir. 2001). A court may grant a Rule 12(b)(6) motion to dismiss only if a complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint sufficient on its face need not give

"detailed factual allegations," but it must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id*. at 555. When resolving a motion to dismiss, the court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *See Yeksigian v. Nappi*, 900 F.2d 101, 102 (7th Cir. 1990).

## III. Discussion

### A. Claims Against Superintendent Ferebee

Defendants first move to dismiss Plaintiff's official capacity claims against Superintendent Ferebee because it is redundant of her claim against IPS. "Actions against individual defendants in their official capacities are treated as suits brought against the government entity itself." *Walker v. Sheahan*, 526 F.3d 973, 977 (7th Cir. 2008) (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)). Thus, when, as here, the entity is also named, the official capacity claim is redundant and subject to dismissal. *Burreson v. Barneveld Sch. Dist.*, 434 F.Supp.2d 588, 593 (W.D. Wis. 2006) ("Because *Monell* authorizes suits brought against local government units directly, 'official capacity' suits against municipal decision makers are redundant when the municipality has been named as another defendant."). Although the official capacity claims in *Walker* and *Sheahan* concerned claims brought under 42 U.S.C. § 1983 and not state constitutional claims, the result under Indiana law is the same. *Harp v. Ind. Dep't of Highways*, 585 N.E.2d 652, 660-61 n.5 (Ind. Ct. App. 1992) (noting that for the purpose of a declaratory judgment action, any distinction between a government entity and an officer in his official capacity

3

is a "legal fiction"). Accordingly, Defendants' motion to dismiss Superintendent Ferebee as a defendant is **GRANTED**.

B. **Count I**

In Count I of her Complaint,[1] Plaintiff alleges Indiana Code § 20-33-8-8(b) violates multiple provisions of the Indiana Constitution, including: Article I, Section 11 (prohibiting unreasonable searches and seizures), Section 12 (providing for open courts and remedies by due course of law), Section 16 (requiring proportionality of punishment), and Article 8, Section 1 (establishing a system of common schools). (Compl. ¶ 24). Section 8(b) reads:

> In all matters relating to the discipline and conduct of students, school corporation personnel:
>
> (1) stand in the relation of parents to the students of the school corporation;
>
> (2) have the right to take any disciplinary action necessary to promote student conduct that conforms with an orderly and effective education system, subject to this chapter; and
>
> (3) have qualified immunity with respect to a disciplinary action taken to promote student conduct under subdivision (2) if the action is taken in good faith and is reasonable.

Plaintiff seeks both monetary damages and injunctive relief barring its enforcement.

1. **Monetary Damages**

Indiana "has no statutory provision comparable to 42 U.S.C. § 1983 creating an explicit civil remedy for constitutional violations by either individual officers or

---

[1] In light of the court's ruling dismissing Superintendent Ferebee as a party, the court will treat the Indiana Constitutional claims raised in Count I as against IPS.

governmental entities." *Cantrell v. Morris*, 849 N.E.2d 488, 493 (Ind. 2006). Thus, Indiana courts hold that the Indiana Constitution does not create a private right of action for damages when existing tort law amply protects the right guaranteed by the Indiana Constitution. *Id*. at 506-07; *accord Smith v. Ind. Dep't. of Corr.,* 871 N.E.2d 975, 985 (Ind. Ct. App. 2007) ("[N]o Indiana court has explicitly recognized a private right of action for monetary damages under the Indiana Constitution."). Relying on the Indiana Supreme Court's *Cantrell* decision, courts in this district have declined to find a private right of action for alleged violations of various provisions of the Indiana Constitution, including the ones cited in Plaintiff's Complaint. *See Greater Indianapolis Chapter of N.A.A.C.P. v. Ballard*, 741 F. Supp. 2d 925, 934 (S.D. Ind. 2010) (holding no implied right of action for alleged violations of Article I, Section 12 of the Indiana Constitution); *Milan v. City of Evansville*, No. 3:13-cv-1-WTL-WGH, 2013 WL 5592450, at *4 (S.D. Ind. Oct. 10, 2013) (holding no implied right of action for alleged violations of Article I, Section 11 of the Indiana Constitution); *Hendrix v. Plambeck*, No. 1:09-cv-99-SEB-DML, 2010 WL 3526267, at *10 (S.D. Ind. Sept. 2, 2010) (same). Furthermore, "Indiana's Education Clause, Article 8, Section 1, does not provide an individual with a private right of action for monetary damages." *Hoagland v. Franklin Township Comty. Sch. Corp.*, 27 N.E.3d 737, 740-41 (Ind. 2015). Accordingly, Defendants' motion to dismiss Plaintiff's claims for damages under the Indiana Constitution alleged in Count I is **GRANTED**.

    2.    **Injunctive Relief**

In addition, Plaintiff seeks an order enjoining enforcement of the statute.

5

Defendants argue the statute is not one that is "enforced" by school corporations. Instead, it gives schools the authority to discipline students as necessary to fulfill their educational function.

Few Indiana cases cite to this statute, and when they do, it is to explain the legal relationship between schools and their students regarding matters of student conduct and school discipline. For example, in *Linke v. Northwest Sch. Corp.*, 763 N.E.2d 972 (Ind. 2002), the Indiana Supreme Court cited the former version of the statute to reject the plaintiff's Article I, Section 11 (search and seizure) challenge to a school's random drug testing policy for students participating in athletics and extra-curricular activities. *Id.* at 979. In holding a student's privacy interest is not accorded the same level of protection as that of an adult, the Court noted, "[P]ublic schools stand in the relation of parents and guardians to the students . . . regarding [all] matters of discipline and conduct of students." *Id.* (quoting *Higginbottom v. Keithley*, 103 F.Supp.2d 1075, 1080 (S.D. Ind. 1999) (internal citations omitted)). *See also Penn-Harris-Madison Sch. Corp. v. Joy*, 768 N.E.2d 940, 947 (Ind. Ct. App. 2002) ("Indiana recognizes that, regarding matters of discipline and the conduct of students, public schools stand in the relation of parents and guardians."). Given the plain language of the statute and the relevant case law, the court agrees with the Defendants; the statute is not one which may be "enforced." Consequently, there is nothing to enjoin. Therefore, Plaintiff's claim barring enforcement of Indiana Code § 20-33-8-8(b) as unconstitutional is not a claim upon which relief can be granted. Accordingly, Defendants' motion to dismiss Plaintiff's claim for injunctive relief is **GRANTED**.

### C. Federal Constitutional Claims Against IPS

In Count II, Plaintiff alleges that IPS failed to train its employees and/or maintains an unlawful policy or practice of permitting physical violence against students in violation of the Indiana State Constitution and the Fourth Amendment. (Compl. ¶ 26). Plaintiff's claim for damages under the Indiana Constitution must be dismissed for the same reasons set forth above.

Plaintiff's Fourth Amendment claim is brought under 42 U.S.C. § 1983. "'[A]n allegation of 'failure to train' is available only where the school district's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of students.'" *S.J. v. Perspectives Charter Sch.*, 685 F. Supp. 2d 847, 858 (N.D. Ill. 2010) (quoting *Cornfield v. Consolidated High Sch. Dist. No. 230*, 991 F.2d 1316, 1324 (7th Cir. 1993)) (internal quotation marks omitted). Deliberate indifference can be shown when an entity "(1) fail[s] to provide adequate training in light of foreseeable consequences; or (2) fail[s] to act in response to repeated complaints of constitutional violations by its [employees]." *Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1029-30 (7th Cir. 2006) (citing *City of Canton v. Harris*, 489 U.S. 378, 390 & n.10 (1989)). "Only where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality – a 'policy' as defined by our prior cases – can a city be liable for such a failure under [Section 1983]." *City of Canton*, 489 U.S. at 389.

Here, Plaintiff's allegations regarding failure to train are conclusory; they are devoid of facts which if true would plausibly suggest a violation of T.M.'s Fourth Amendment rights. *McCauley v. City of Chicago*, 671 F.3d 617-18 (7th Cir. 2011)

7

(holding that "conclusory allegations" of a "policy or practice" in support of a *Monell* claim "are not factual allegations and as such contribute nothing to the plausibility analysis under *Twombley/Iqbal*"). There are no facts pled which establish a plausible connection between Gemmecke's actions and school policies or training. Moreover, the Complaint only addresses the incident between Gemmecke and T.M. There is nothing in the Complaint suggesting that IPS was on notice that the lack of a policy against physical violence had caused staff to violate students' constitutional rights prior to T.M.'s incident. *See Thomas v. Cook Cty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010) ("[T]here is no clear consensus as to how frequently such conduct must occur to impose *Monell* liability, 'except that it must be more than one instance,' or even three.") (internal citations and quotation marks omitted)); *Cornfield*, 991 F.2d at 1327 (finding two reports of strip searching insufficient to put school board on notice of potential harm to students and thus, plaintiff failed to state a claim of deliberate indifference). This same reasoning applies to Plaintiff's claim regarding IPS' lack of a written policy barring employees from using physical violence. *Calhoun v. Ramsey*, 408 F.3d 375, 380 (7th Cir. 2005) (noting claims regarding "express policies that fail to address certain issues" and claims regarding "widespread practices that are not tethered to a particular written policy" are analyzed in the same manner; in both instances, "the claim requires more evidence than a single incident to establish liability"). Accordingly, Defendants' motion to dismiss Count II is **GRANTED**.

Having dismissed Plaintiff's constitutional claims, the court need not address

Defendants' additional argument regarding whether the Indiana Attorney General was properly served.

D.   **IPS' Tort Liability**

In Count III, Plaintiff alleges Gemmeck committed the torts of assault, battery, false imprisonment, and negligent infliction of emotional distress, and seeks to hold IPS liable for his conduct under the doctrine of respondeat superior. IPS moves to dismiss these claims against them because Plaintiff filed her Complaint less than 90 days after serving IPS with her tort claim notice and, therefore, her claims are premature.

Pursuant to the Indiana Tort Claims Act ("ITCA"), Indiana Code § 34-13-3-13, "[a] person may not initiate a lawsuit against a governmental entity unless the person's claim has been denied in whole or in part." *Brown v. Alexander*, 876 N.E.2d 376, 383 n.4 (Ind. Ct. App. 2007), *trans. denied*. Indiana Code § 34-13-3-11 provides that a governmental entity has 90 days to approve or deny a tort claim before it is deemed denied. Thus, a plaintiff cannot file suit against a governmental entity or employee until at least 90 days after the tort claim notice was served. Ind. Code §§ 34-13-3-11, -13; *Orem v. Ivy Tech State Coll.*, 711 N.E.2d 864, 869 (Ind. Ct. App. 1999), *trans. denied*. If the claims are filed prematurely, they must be dismissed without prejudice to allow for compliance with the ITCA notice provision. *Orem*, 711 N.E.2d at 870; *Bradley v. Eagle-Union Cmty. Sch. Corp.*, 647 N.E.2d 672, 676 (Ind. Ct. App. 1995), *reh'g denied*.

Here, Plaintiff's Complaint was filed on September 23, 2016, and the tort claim notice attached to Plaintiff's Complaint is dated September 8, 2016. (Filing No. 1-1 at 13, Tort Claim Notice to IPS). At the time the Complaint was filed, the 90-day period for

9

IPS to approve or deny the claim had not yet expired. Therefore, the tort claims filed against IPS must be **DISMISSED WITHOUT PREJUDICE**.

## IV.     Conclusion

For the reasons explained above, the court **GRANTS** Defendants' Motion to Dismiss (Filing No. 16), with the proviso that Count III is **DISMISSED WITHOUT PREJUDICE**. The Fourth Amendment claim asserted against Terry Gemmecke remains.

**SO ORDERED** this 27th day of April 2017.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.